COMPILER OF LAWS

FILED
SUPERIOR COURT
OF GUAM

2014 FEB 10 PM 3: 39

## IN THE SUPERIOR COURT OF GUAM

SHAWN MICHAEL Q. LUJAN,

               Plaintiff,

    v.

ESTATE OF ISABEL CRUZ SANTOS
ROSARIO and ROSA CRUZ PEREZ,

               Defendants.

---

ESTATE OF ISABEL CRUZ SANTOS
ROSARIO,

               Defendant/Third Party Plaintiff,

    v.

THE GOVERNMENT OF GUAM,

               Third Party Defendant.

---

BARBARA C. CAMACHO, individually, and
BARBARA C. CAMACHO, as the
Administratrix of the ESTATE OF THERESE
MARIE PEREZ LUJAN,

               Plaintiff,

    v.

ESTATE OF ISABEL CRUZ SANTOS
ROSARIO and ROSA CRUZ PEREZ,

               Defendants.

CONSOLIDATED
CIVIL CASE NOS.
CV 0505-12, CV-0861-12

**FINDINGS OF FACT**

**&**

**CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 14th day of October, 2014, for bench trial. Attorney Michael Berman represented the Plaintiffs, and Attorney Phillip Torres represented the Defendants. The Court now issues the following findings of fact and conclusions of law.

## FINDINGS OF FACT

After examining all of the evidence presented in this case, the Court finds that:

1. On July 21, 2010, Therese Marie Perez Lujan ("Therese") died as a direct result of a tree falling on her while she attended the Liberation Day parade.

2. On July 21, 2010, Plaintiff Shawn Michael Q. Lujan ("Shawn") suffered bodily injury, as a direct result of a tree – the same tree that killed Therese – falling on him while he attended the Liberation Day parade.

3. The trunk of the tree that fell on Therese and Shawn on July 21, 2010 stood partly on part on Lot No. 1353-1-2, Hagatna.

4. Lot No. 1353-1-2, Hagatna is owned by the Defendant Estate of Isabel Cruz Santos Rosarios ("the Defendant Estate").

5. The tree that fell on Therese and Shawn on July 21, 2010 was plainly and obviously dead at the time it fell.

6. Shawn suffered damages in the amount of $33,325.28 arising out of medical expenses incurred as a result of the injuries he sustained from the falling tree.

7. Shawn suffered damages in the amount of $100,000 arising out of the severe pain and suffering he experienced as a result of the injuries he sustained from the falling tree.

8. Shawn was unemployed at the time he sustained injuries from the falling tree, and suffered no damages arising out of lost wages.

9. Though Plaintiff Barbara C. Camacho ("Barbara") experienced tremendous grief in the wake of Therese's death, she suffered no legally cognizable damages.

10. All conclusions of law below that are more appropriately construed as findings of fact are adopted as such.

## CONCLUSIONS OF LAW

1. The Defendant Estate, as the owner of the real property on which the tree that injured Shawn and Therese was located, had a legal duty to take responsible action to prevent the tree from injuring bystanders. The Defendant Estate breached that duty.

2. The fact that the tree was only partially on the Defendant Estate's property does not allow it to escape liability. Just as a tree on a boundary line is owned in common by the owners of the adjacent properties, *see* 21 GCA § 9206, the owners share liability for injuries resulting from it being negligently maintained.

3. The Defendant Estate argues that the Plaintiffs failed to present evidence that the Defendant Estate had actual or constructive notice of the dangerous condition of the tree, as required by *Guerrero v. McDonald's International Property Company*, 2006 Guam 2 ¶ 23, for a finding of liability. The Court does not agree. The Plaintiffs presented testimonial and photographic evidence of the condition of the tree at the time it fell, and this evidence demonstrated that tree was obviously dead and in an advanced stage of decomposition. The Court concludes that, in light of those facts, the Defendant Estate, as a property owner, had constructive notice of the potential hazard the tree posed to bystanders. The

Defendant Estate should have known, in the exercise of reasonable care, that the dead tree was dangerous.

4.     The Defendant Estate insists that neither Shawn nor Therese entered the Defendant Estate's property, but this is irrelevant. The Plaintiffs cite myriad authorities consistent with the Restatement view that an owner of property near an urban roadway is obligated to safeguard against the risk of injury posed by dangerous conditions on the property, including trees, to individuals on the nearby roadway, not just those who enter the property. *See* Restatement (Second) Torts § 363(2) and accompanying comment e. The Court, applying this well-established law, agrees with the Plaintiffs.

5.     The Defendant Estate further contends that Shawn and Therese assumed the risk of injury or were contributorily negligent when they approached the obviously dead tree. The Court rejects this argument. The Defendant Estate, as a property owner with dominion over the land on which the tree stood, can be charged with constructive notice of the hazard posed by a dead tree on its property; however, the same cannot be said of bystanders on a heavily traveled public roadway over which the dead tree extends. The law imposes upon property owners certain special duties of regular inspection and repair. *See Guerrero v. McDonald's, id.* In the course of discharging these duties, the Defendant Estate should have come to know of the hazard posed by the dead tree. The law does not impose any such special duty upon bystanders on a heavily traveled public roadway. Reasonable care would not have required Shawn and Therese to conduct the kind of inspection that would have alerted them to the danger posed by the tree, or to avoid the vicinity of the tree.

6. Shawn requests an award of lost wages for lost work opportunities during his convalescence from his injuries. However, he concedes that he was unemployed at the time of his injury. The Court concludes that an award of lost wages under the facts adduced would be speculative, and that lost wages therefore cannot be awarded.

7. Under *Newby v. Government of Guam*, 2010 Guam 4 ¶¶ 25-26, a plaintiff in an action for wrongful death is entitled to recover damages for loss of comfort, protection, and society of a decent only to the extent that they entail a pecuniary loss to the plaintiff. While Barbara has presented abundant and convincing evidence of her emotional suffering in the wake of Therese's death, she has not presented any evidence of any attendant pecuniary loss. Therefore, the Court, under *Newby, id.*, cannot award her money damages.

8. To the extent that Barbara raises a claim for loss of consortium separate from that implicit in a claim for wrongful death, the Court notes that recovery for loss of consortium at common law was limited to a husband's claim arising out of injuries to his wife, and that the tort itself was rooted in the antiquated principle that the benefits of marriage are a man's property. The tort was only recently expanded by some jurisdictions to encompass claims by wives for injuries to their husbands, and even more recently to encompass claims by parents for injuries to their children or by children for injuries to their parents. Barbara has cited no authority, and the Court can find none, for the novel proposition that loss of consortium damages are available for injuries suffered by a sibling. The Court concludes that Barbara, as Therese's sibling, is not entitled to damages for loss of consortium.

9. All findings of fact above that are more appropriately construed as conclusions of law are adopted as such.

## CONCLUSION

Accordingly, as to the claim of Plaintiff Shawn Michael Q. Lujan against the Defendants, judgment shall be entered in favor of Plaintiff Shawn Michael Q. Lujan in the amount of $133,325.28 plus costs. As to the claim of Barbara C. Camacho against the Defendants, judgment shall be entered in favor of the Defendants and costs shall be allowed to the Defendants.

**IT IS SO ORDERED** this day of ___FEB 10 2014___.


_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

FEB 1 0 2014

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam